JAIVIN RAJ KARNANI
Reg. No. 14087-512
FCI Lompoc - Satellite Camp
3705 W. Farm Road, Lompoc, CA 93436
Tel: none (incarcerated); contact via CorrLinks
PETITIONER IN PRO SE

FILED
CLERK, U.S. DISTRICT COURT
9/28/2026
CENTRAL DISTRICT OF CALIFORNIA
BY nth DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAIVIN RAJ KARNANI, | ) Case No. |
| BOP Reg. No. 14087-512, | ) 2:26-cv-10464-DOC-AJR |
| | ) |
| Petitioner, | ) EX PARTE APPLICATION |
| | ) FOR RULING ON THE |
| v. | ) PAPERS ON |
| | ) APPLICATION FOR TRO |
| WARDEN, FCI II LOMPOC, | ) (ECF 3) AND FOR |
| in his or her official capacity, | ) ORDER TO SHOW CAUSE |
| | ) UNDER 28 U.S.C. § |
| Respondent. | ) 2243; MEMORANDUM OF |
| | ) POINTS AND |
| | ) AUTHORITIES |
| | ) |
| | ) |

No hearing requested. Petitioner is in federal custody. Decision on the papers requested.

APPLICATION

Under 28 U.S.C. §§ 1657(a) and 2243, Rules 1(b) and 4 of the Rules Governing Section 2254 Cases, Fed. R. Civ. P. 65(b), and Local Rule 7-19, Petitioner applies for an order that:

(1) rules on his application for a temporary restraining order (ECF 3), on the papers on file since September 15, 2026, by Thursday, October 1, 2026, or as soon after the opposition period as the Court's calendar permits;

(2) grants ECF 3 in the form stated in the lodged proposed order: within seven days, Respondent must make a new, written, individualized determination of Petitioner's prerelease custody under 18 U.S.C. §§ 3621(b) and 3624(c) that considers placement for the entire remaining portion of his term, up to the statutory maximum, and must then carry it out;

(3) directs Respondent to show cause, by a return to the Petition and any opposition to the preliminary-injunction motion (ECF 4) filed within three days, as § 2243 provides, and in no event more than seven days; and

(4) takes the Petition and ECF 4 under submission on the papers five days after the return.

The relief requested is narrower than, and included within, the relief requested in ECF 1, 3 and 4. Petitioner does not ask the Court to choose a facility or to order a particular placement. He asks the Court to order the Bureau of Prisons to apply the statute to him now, while the period the statute protects still exists.

Counsel for Respondent (L.R. 7-19): JohnPaul LeCedre, Assistant United States Attorney, 312 North Spring Street, Suite 1400, Los Angeles, California 90012; (213) 894-4447; johnpaul.lecedre@usdoj.gov (ECF 9).

Notice (L.R. 7-19.1). No oral notice of this application was given before filing. Petitioner is incarcerated and cannot telephone counsel. On September 28, 2026, Respondent's counsel wrote to Petitioner's father, Raj Karnani, that because he is not a party and does not represent Petitioner it is not appropriate to communicate with him about this case, and asked him not to make further contact; counsel also stated that the government does not consent to electronic service. Mr. Karnani therefore did not contact counsel about this application. Decl. of Raj Karnani paras. 2-4. Whether Respondent opposes is not known. Respondent has had notice of the relief sought: the TRO application (ECF 3)

that this application asks the Court to decide has been on file since September 15, 2026, and counsel appeared on September 17, 2026 (ECF 9). This application and its supporting papers will be served on counsel by mail after filing (id. para. 5). To the extent notice under L.R. 7-19.1 is lacking, Petitioner asks the Court to waive it under L.R. 7-19.2.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE RECORD

1. The Petition, TRO application and PI motion were filed September 15, 2026 (ECF 1-4). Respondent's counsel appeared September 17 (ECF 9). Since then, no order to show cause, response date, opposition or ruling has been entered.

2. The Bureau's FSA Time Credit Assessment of May 11, 2026 (Ex. B) records a projected release date of 09-28-2027 (good conduct time); an "FSA Conditional Release Date: 05-21-2027"; "SCA Recommended Placement Days (Following 5 Factor Review): 90"; and an "SCA Recommended Placement Date: 02-20-2027." It states: "SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT!"

3. The Program Review of April 29, 2026 (Ex. A) rates

Petitioner "LOW RISK RECIDIVISM LEVEL" and records "NO" for every program need it lists. Its entire RRC/HC entry is: "Recommended Placement in a range between 1-90 days. Consideration has been given for Five Factor Review (Second Chance Act)," followed by the five factor headings.

4. The Bureau's written explanation of July 9, 2026 (Ex. C) states: "Specifically, there are no recommendations by the court for any specified amount of RRC placement, either pre-release or post release. You have a marketable skill and a positive work history, a release residence, positive family support and ties to the community (as supported by your phone call/email/visiting records and Trust Fund Deposits). In addition, your adjustment to incarceration is also positive (good programming history and absence of disciplinary infractions)." It identifies no adverse factor. It then states: "If you transition to the community on the recommended date (February 20, 2027), you will have been in Custody for less than 1 year. While the RRM is the determining authority for RRC placement dates, we consider the facility resources, knowing that the RRC are impacted and have limited bed space. The totality of this information resulted in a recommendation of up to 90 days , pre-release RC placement."

5. The Bureau's reply of August 19, 2026 (Ex. D) states that "[t]he 5 factor review pursuant to 18 USC 3621b took place on 04-29-2026 by your assigned unit team," and identifies the Program Review report (Ex. A) as the record of it.

II. THE STATUTES REQUIRE EXPEDITION

"[T]he court shall expedite the consideration of any action brought under chapter 153 ... [and] any action for temporary or preliminary injunctive relief." 28 U.S.C. § 1657(a). This action is in both categories.

Section 2243 sets the schedule. The court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." The order "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." The court "shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. The Court "may apply any or all of these rules" to a § 2241 petition. Habeas Rule 1(b). A noticed motion would need 28 days' notice (L.R. 6-1), which is why this application is made ex parte.

The writ must be "administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." Harris v.

Nelson, 394 U.S. 286, 291 (1969). Habeas petitions receive "special, preferential consideration to insure expeditious hearing and determination." Yong v. INS, 208 F.3d 1116, 1120 (9th Cir. 2000) (quoting Van Buskirk v. Wilkinson, 216 F.2d 735, 737-38 (9th Cir. 1954)).

The TRO does not need to wait for the return. ECF 3 has been on file since September 15, and Respondent's counsel has appeared. Only the Petition and ECF 4 need the return.

III. THE TEMPORARY RESTRAINING ORDER SHOULD ISSUE NOW

A movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008). In this Circuit, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

A. Likelihood of success. The Bureau "shall, to the extent practicable, ensure that a prisoner serving a term of

imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Placement must be "determined on an individual basis." Id. § 3624(c)(6)(B). A "failure to consider the five statutory factors when considering eligibility for placement in or transfer to an RRC violates Congress's clear intent that each of these factors be applied." Rodriguez v. Smith, 541 F.3d 1180, 1187 (9th Cir. 2008).

Petitioner claims no fixed entitlement. The Ninth Circuit has held that "[t]he SCA does not require the BOP to make any placements in a RRC for longer than six months." Sacora v. Thomas, 628 F.3d 1059, 1070 (9th Cir. 2010). It found the Bureau's policy consistent with the statute because, under it, "each inmate is eligible for a 12-month placement and must be considered for placement in a RRC on an individual basis." Id. at 1066. That individual consideration is what the record lacks:

- The Program Review (Ex. A) states a preset "range between 1-90 days" and lists the five factor headings without applying any of them.
- The only factors the July 9 explanation (Ex. C) applies to Petitioner are favorable.
- The reasons it gives for stopping at 90 days are

that Petitioner "will have been in Custody for less than 1 year," which is not a § 3621(b) factor, and a general statement that "the RRC are impacted and have limited bed space," with no finding about any facility contemplated for him.

On this record, Petitioner submits that the statutory factors support prerelease custody for the entire remaining portion of his term, and that at minimum the Bureau must make a lawful determination that addresses that period.

B. Irreparable harm. Petitioner is inside the prerelease period now. As the Petition measures it, that period began August 19, 2026. It ends at the Bureau's FSA conditional release date, May 21, 2027 (Ex. B). Because of Petitioner's other FSA credits, it is not a full twelve months; it is about nine months. The Bureau's 90-day figure would use only the last 90 days of it, beginning February 20, 2027 (Ex. B). Each day Petitioner remains in the institution inside this period is a day of prerelease custody that can never be served later: that custody exists only in "the final months of that term." When the relief a habeas petition seeks is "no longer available," the claim is moot. McCullough v. Graber, 726 F.3d 1057, 1060 (9th Cir. 2013) (terminated Second Chance Act pilot program). The ordinary schedule of return, traverse, report and recommendation, and objections (28 U.S.C. § 636(b)(1)) would outlast much of the remaining period.

In Norton v. Unknown Warden, No. 2:14-cv-02188-DOC-JPR, ECF 5 at 4 (C.D. Cal. Mar. 26, 2014), this Court found no irreparable harm where "[n]o allegations of irreparable harm" were made. Here the harm is alleged, dated and counted. The Ninth Circuit has held that detention likely to be unconstitutional is irreparable harm. Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). Petitioner's claim is statutory, but the injury is of the same kind: time in more restrictive confinement cannot be given back.

C. Balance of equities and public interest. The order requested costs Respondent one written determination, made on records the Bureau already holds, within seven days. It does not select a facility or displace the Bureau's judgment on any factor. On the other side is the daily, permanent loss of the reentry period Congress provided. The public interest favors the Bureau's compliance with the statute that governs it.

IV. JURISDICTION AND EXHAUSTION ARE NOT REASONS TO WAIT

Jurisdiction. Petitioner acknowledges that "a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b). He also acknowledges that judges of this Court have stated they could not order a transfer to home confinement (Crum v. Von Blanckensee, No. 2:20-cv-03664-DOC (JEM), ECF 11 at 2, 5

(C.D. Cal. June 8, 2020) (CARES Act; construed as a compassionate-release motion)) or compel release to a halfway house (Irvis v. Jacquez, No. 5:24-cv-02527-PA-AJR, ECF 8 at 3-4 (C.D. Cal. Jan. 10, 2025) (order to show cause)). That is why the order requested does not designate a place of imprisonment. It requires the Bureau to make the determination the statute requires. "[J]udicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority." Reeb v. Thomas, 636 F.3d 1224, 1228 (9th Cir. 2011); accord Rodriguez v. Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016). The remedy requested has the form the Ninth Circuit affirmed in Rodriguez v. Smith: a writ "ordering the BOP to promptly consider Rodriguez for transfer to an RRC without reference to" the unlawful criteria. 541 F.3d at 1189. Nor is Maxwell v. Dinis, No. 25-5930 (U.S.), a reason to wait. It concerns whether a First Step Act time-credit claim may be brought in a habeas petition under § 2241, and it has not been decided. Waiting for it would use up the period at issue.

Exhaustion. Exhaustion under § 2241 is prudential, not statutory. It "is subject to waiver in § 2241 cases because it is not a 'jurisdictional prerequisite,'" and it "can be waived 'if pursuing those [administrative] remedies would be futile.'" Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (quoting Fraley v. U.S. Bureau of Prisons, 1 F.3d 924,

925 (9th Cir. 1993)). It may be excused where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted). Even under the Prison Litigation Reform Act, whose mandatory exhaustion rule does not govern this petition, a remedy is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 578 U.S. 632, 644 (2016). The Ninth Circuit has applied that principle to fear of retaliation: the fear excuses exhaustion when the prisoner actually believed officials would retaliate and that belief was objectively reasonable. McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015). The record here meets both parts. Before August 10, 2026, Petitioner was told that a BP-8 and a BP-9 would both be denied (Pet. para. 35). He submitted a BP-8 on August 20, 2026. A callout printed that afternoon moved him from his education assignment to UNICOR (Ex. E). More than five weeks later the BP-8 has no decision. The only reply, on September 21, was "Re-submit your BP8 to Counselor Rana." (Supp. Decl. para. 7 & Supp. Ex. 1, submitted through EDSS Sept. 28, 2026.) Petitioner is not required to complete a process he reasonably fears to use, and whose only answer to a timely request was an instruction to start over. Even if a formal request were filed today,

the response periods 28 C.F.R. § 542.18 allows at the three formal levels, with extensions, would run past the Bureau's own February 20, 2027 date. Respondent may raise exhaustion in its return. That is a reason to set the return now.

V. CONCLUSION

Petitioner asks the Court to enter the lodged proposed order: to rule on ECF 3 now and grant it in the form stated there; to require a return within three days (in no event more than seven); and to take the Petition and ECF 4 under submission five days after the return.

Dated: September 28, 2026

Respectfully submitted,

Jaivin Raj Karnani

JAIVIN RAJ KARNANI

Petitioner, pro se

CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)

The undersigned, Petitioner, unrepresented, certifies that this brief contains 2,484 words, which complies with the

word limit of L.R. 11-6.1.

Dated: September 28, 2026

Jaivin Raj Karnani



JAIVIN RAJ KARNANI